**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JAMES C. FUDGE,
ADC #78875                                                                                                    PLAINTIFF

v.                                          5:14CV00120-KGB-JTK

M. OLSON, et al.                                                                                            DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following **partial** recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the hearing before the

District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

Plaintiff James Charles Fudge is a state inmate confined at the Varner Super Max Unit of the Arkansas Department of Correction (ADC). He filed this pro se 42 U.S.C. § 1983 action, alleging several vague and unrelated allegations against twenty-one Defendants, occurring during a time period from June, 2011, through the present. By Order dated April 16, 2014 (Doc. No. 4), this Court granted Plaintiff's Motion to Proceed in forma pauperis in this lawsuit. However, finding Plaintiff's complaint too vague and conclusory to enable the Court to determine whether it was frivolous, malicious, or failed to state a claim, the Court provided Plaintiff with the opportunity to amend his complaint. Plaintiff has now submitted an Amended Complaint (Doc. No. 5).

### II. Screening

The Prison Litigation Reform Act (PLRA) requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are

legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**III. Facts and Analysis**

In order to support a claim for relief against Defendants pursuant to 42 U.S.C. § 1983, Plaintiff must allege that a person acting under the color of state law deprived him of some Constitutional right. Griffin-El v. MCI Telecommunications Corp., et al., 835 F.Supp. 1114, 1118 (E.D.MO 1993). As noted above, Plaintiff includes numerous unrelated claims against twenty-one Defendants, over a three-year time period. The Court finds that Plaintiff's Amended Complaint fails to comply with FED.R.CIV.P. 8(a)(2), because it does not contain a "short and plain statement of the claim showing that the pleader is entitled to relief."

Therefore, the Court will direct the issuance of summons and service with respect to Plaintiff's medical claims regarding the care and treatment of his toenail conditions. However, the remaining claims against the remaining Defendants should be dismissed without prejudice, pursuant

to FED.R.CIV.P. 8.  These claims may be re-filed in separate lawsuits; however, Plaintiff is cautioned that unrelated claims against numerous Defendants should not be combined into a single lawsuit.

**IV.    Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants McBride, Meinzer, T. Spencer, J. Andrews, Foote, R. Williams, Watts, Singleton, Johnson, Moses Jackson, Grant Harris, J. Chaney, Stephen P. Watson, Keith Waddle, Nelson, and Gilbert be DISMISSED from this action, without prejudice.

2    All claims except the toenail medical claim be DISMISSED.

IT IS SO RECOMMENDED this 16th day of May, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE